## Richmond

## Lynchburg Traffic Bureau v. Norfolk and Western Railway Company.

April 25, 1966.

Record No. 6197.

Present, All the Justices.

*W. G. Burnette*, for the appellant.

*Carl B. Sterzing, Jr.* (*Robert B. Claytor*, on brief), for the appellee.

BUCHANAN, J., delivered the opinion of the court.

■ Lynchburg Traffic Bureau filed with the State Corporation Commission a petition praying that the Commission "declare the legal rate on 'bulk ground limestone' moving in carloads from Buchanan, Virginia to Norfolk, Virginia via N & W Railway." The petition does not further identify the petitioner or indicate what its interest is in the question, or in what way or on what ground it has a right to institute or maintain the petition, which it labels "Motion for Declaratory Judgment."

The statute, Code § 8-578, provides that courts of record may give declaratory judgments in cases of "actual controversy," when there is "actual antagonistic assertion and denial of right." The test of the applicability of the statute is the determination of the existence of an actual controversy. *Chick* v. *MacBain*, 157 Va. 60, 66, 160 S.E. 214, 216; *City of Fairfax* v. *Shanklin*, 205 Va. 227, 229, 135 S.E.2d 773, 775. Moreover, it is well settled that "in order to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject matter in litigation; either in his own right or in a representative capacity." 67 C.J.S., Parties, § 6 at p. 899.

The proceeding was subject to dismissal on the grounds stated. However, possibly because on two prior occasions, referred to in the Commission's opinion, appellant's claim had been informally denied, the Commission heard the matter on its merits, dismissed the proceeding and it is here on an appeal of right. Va. Const., § 156 (d).

■ The printed record contains only the petition for declaratory judgment, letters of counsel for the parties to each other, a letter from appellant's counsel to the Commission, the orders entered by the Commission and the opinion of the Commission. The opinion states that by agreement of counsel the matter "was decided on the pleadings and written statements filed with the Commission without appearance of counsel in the case."

It is provided by § 160 of the Constitution, and also by § 56-97 of the Code, that no transportation company shall charge greater compensation in the aggregate for transporting the same class of passengers or property over a shorter than over a longer distance along the same line and in the same direction, the shorter being included in the longer

distance. But these sections "shall not be construed as authorizing any such company to charge or receive as great compensation for a shorter as for a longer distance." The State Corporation Commission is empowered to make exceptions to these requirements under stated conditions not here involved.

The appellant contends that the appellee violated these provisions by charging a higher rate on shipments of ground limestone from Buchanan, Virginia, to Norfolk, Virginia, than from Buchanan, Virginia, through Norfolk to Providence, Virginia, a longer distance.

It may be gathered from the record that the shipments in question were made over a period from October 12, 1960, to January 7, 1963. Prior to April 1, 1962, the rate charged for these shipments from Buchanan to Norfolk was $2.68 per net ton, and after that date $2.78 per net ton. These rates were applicable under the published tariffs on ground limestone for acid soil treatment in carloads with minimum weight of 60,000 pounds, without restriction as to value and with no tariff requirement that any value be certified on the bill of lading. This rate was no higher to Norfolk than to Providence.

During the same period there was in effect under the published tariffs a rate of $2.50-$2.60 per net ton from Buchanan to Norfolk, and also to Providence, on ground limestone when loaded in closed cars, with a minimum weight of 80,000 pounds having actual value not exceeding $8 per net ton at point of origin, and so certified on the bill of lading.

The shipments in question were described on the bills of lading as ground limestone for acid soil treatment and carried no certificate as to value. They did not, therefore, qualify for the $2.50-$2.60 rate, but the $2.68-$2.78 rate was the applicable rate, was properly applied to the shipments in question and no violation of the Constitution or statute was involved.

What the Constitution and statute forbid is the charging of greater compensation for transporting the same class of property over the shorter than over the longer distance. In determining whether a violation of this restriction has occurred, the rates on like property must be compared. Cf. *Allowance on Oil Pipe at Texas Destinations*, 310 I.C.C. 709, 723.

According to the bills of lading the shipments here in question were of a type or class of property to which the tariffs required the application of the higher rate, and were of a different class of property from that to which the lower rate was applicable. The shipper is bound by the description of the property furnished by it to the

carrier. *Cf. Calcium Carbonate Co.* v. *Missouri Pacific R. R.,* 323 I.C.C. 688, 692.

The appellant states in one of its letters that the commodity shipped was actually of less value than $8 per ton and argues that the shipper should be allowed now to correct the bills of lading and show itself entitled to the lower rate. In its opinion the Commission made this clear and sufficient response:

"The sole question is whether or not the Commission should, after shipments have been moved, determine that a rate based on the value of the goods shipped should be applied because the goods may have been of less value but not so stated on the bill of lading. To reach such a conclusion would disrupt and disturb rates which are based on value of the commodities shipped. There would be no need to certify on the bill of lading that the value of the shipment was such to secure the lower rate. To authorize this rate now would discriminate against all shippers who may have shipped to many points the same commodity without certifying the value on the bill of lading and contrary to the requirements of § 56-97 of the Code, which does not permit any undue or unreasonable preference or advantage to shippers and unjust discrimination against any shippers. §§ 56-105 and 56-106 of the Code prohibit the false billing of shipments in order to secure less than regular rates. It is unlawful under § 56-102 of the Code of Virginia for any railroad company to receive a lesser charge than specified in the tariffs.

"As stated, had the shipments in question moved under the requirements of the lesser rate, they would have been subject to the provisions of § 56-97 of the Code and the lesser rate applied. This is not the case. The shipments moved under an entirely different set of circumstances and without any determination of the value stated on the bill of lading at the time of movement.

"The Commission cannot now require the defendant to apply a rate on a commodity which, at the time of movement, did not meet the requirement that the value and description which determine the rate appear on the bill of lading. Accordingly, the matter was dismissed."

The action of the Commission is "prima facie just, reasonable and correct," Va. Const., § 156 (f). The record clearly establishes the correctness of the Commission's decision without the support of the presumption. Its judgment is

*Affirmed.*

## Rules of Court
## Order Amending

VIRGINIA:

In the Supreme Court of Appeals held at the Supreme Court of Appeals Building in the City of Richmond on the 11th day of January, 1966.

It is ordered that the Rules adopted and promulgated by this Court on the 13th day of October, 1949, to become effective on the 1st day of February, 1950, be and they are hereby amended, effective the 1st day of April, 1966.

Amend Rule 2:2 to read:

### Rule 2:2. Commencement of Suits in Equity—The Bill of Complaint.

A suit in equity shall be commenced by filing a bill of complaint in the clerk's office. The suit is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk's fees shall be paid before the case is docketed.

The bill shall be captioned with the name of the court and the full style of the suit. The requirements of § 8-46.1 of the Code of 1950 may be met by giving the address or other data after the name of each defendant.

It shall be sufficient for the prayer of the bill to ask for the specific relief sought, and to call for answer under oath if desired. Without more it will be understood that all the defendants mentioned in the caption are made parties defendant and required to answer the bill of complaint; that proper process against them is requested; that answers under oath are waived, except when required by law; that all proper references, inquiries, accounts and decrees are sought; and that such other and further and general relief as the nature of the case may require and to equity may seem meet is prayed for and may be granted. No formal conclusion is necessary.

Amend Rule 2:14 to read:

### Rule 2:14. Cross-Bill against Co-Defendants or Third Parties.

A defendant may by cross-bill filed by leave of court assert against

other defendants or against new parties any claim germane to the subject matter of the suit.

Such a cross-bill is a new suit and all provisions of these Rules applicable to bills and subpoenas shall apply to such cross-bills; and all provisions of these Rules applicable to defendants shall apply to parties on whom such cross-bills are served.

Amend Rule 3:3 (a) to read:

### Rule 3:3.   The Notice of Motion for Jurgment.

(a) *Commencement of Action.* An action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk's fees shall be paid before the notice of motion for judgment is issued.

The motion shall contain a caption setting forth the name of the court and the title of the action, which shall include the names of all the parties. The requirements of § 8-46.1 of the Code of 1950 may be met by giving the address or other data after the name of each defendant.

Amend Rule 3:9 to read:

### Rule 3:9.   Cross-Claim.

A defendant may, at his option, plead as a cross-claim any cause of action that he has against one or more other defendants growing out of any matter pleaded in the motion for judgment. The court in its discretion may order a separate trial of any cause of action asserted in a cross-claim.

A cross-claim may be filed within twenty-one (21) days after service of the notice of motion for judgment on the defendant asserting the cross-claim.

A cross-claim is a new action and all provisions of these Rules applicable to notices of motion for judgment shall apply to cross-claims; and all provisions of these Rules applicable to defendants shall apply to the parties on whom cross-claims are served.

Following Rule 2:20 insert another Rule as follows:

### Rule 2:20.1.   Verification.

If a statute requires a pleading to be sworn to, and it is not, or requires a pleading to be accompanied by an affidavit, and it is not, but contains all the allegations required, objection on either ground must be made within seven (7) days after the pleading is filed by a motion to strike; otherwise, the objection is waived. At any time before the court passes on the motion or within such time thereafter as the court may prescribe, the pleading may be sworn to or the affidavit filed.

Following Rule 3:13 insert another Rule as follows:

## Rule 3:13.1. New Parties.

New parties may be added, by leave of court, on motion of the plaintiff by order of the court at any stage of the cause as the ends of justice may require. The motion, accompanied by an amended motion for judgment, shall be served on the existing parties as required by Rule 3:15. If the motion is granted, the amended motion for judgment shall be filed in the clerk's office and all the provisions of Rule 3:3 shall apply as to the new parties, including payment of writ tax and deposit for costs. And all defendants shall file pleadings in response thereto as required by these Rules.

In pursuance of the provisions of the Code of 1950, § 8-86.1, it is ordered that the amendments to the Rules as adopted shall be certified to every court of record in this state.