## CIRCUIT COURT OF CHESTERFIELD COUNTY

Meadowbrook-West/
Garland Heights Civic Ass'n

v.

Chesterfield County

### Case No. CL90-127

By JUDGE HERBERT C. GILL, JR.

### May 8, 1990

On April 25, 1990, counsel presented argument in regard to defendant's demurrer. In addition, Brookbury Civic Association and Meadowbrook Estates Civic Association seek to intervene in this matter pursuant to Rule 2:15 of the Rules of Supreme Court of Virginia.

Plaintiff, Meadowbrook-West/Garland Heights Civic Association, by its action at law, petitions the Court pursuant to § 8.01-184 of the Virginia Code to declare a certain zoning ordinance, referred to as Case 89SN0120, void as (1) violative of "public policies of the Commonwealth" and (2) failing to comply with the statutory requirement of "substantial accord." The County Board of Supervisors, by said ordinance, granted Ridgeway Development Company's application for rezoning a parcel located on

the Falling Creek Reservoir from residential to residential multifamily neighborhood and corporate office use.

Defendant demurs on the following basis:

(1) Plaintiff failed to allege ownership of property affected by the rezoning and thereby is not an aggrieved party with standing to challenge the decision of the Board of Supervisors.

(2) Plaintiff's claim, by Count II, fails to state a cause of action. The "substantial accord" requirement under § 15.1-456 of the Virginia Code refers to public facilities and therefore is not applicable.

(3) Plaintiff failed to sufficiently allege irreparable harm and want of an adequate remedy at law in support of injunctive relief.

Plaintiff cites *Cupp v. Board of Supervisors*, 227 Va. 580 (1984), and argues that a justiciable issue has been sufficiently alleged by its declaratory action. "Aggrieved person" status pursuant to § 15.1-497, plaintiff asserts, is not determinative to the inquiry before the Court.

Upon consideration of the pleadings, taken as admitted, and argument heard, the Court overrules the demurrer as to the issue of standing and adequacy of pleadings for injunctive relief, sustains defendant's objection to Count II and denies leave to intervene by Brookbury Civic Association and Meadowbrook Estates Civic Association.

## I. *Standing*

Persons "aggrieved" may appeal a decision of the Board of Zoning Appeals to the appropriate Circuit Court. Va. Code Ann. § 15.1-497 (1989). Nonproperty owners, such as neighborhood associations, are not persons "aggrieved" within § 15.1-497. *Virginia Beach Beautification Comm. v. Board of Zoning Appeals*, 231 Va. 415 (1986) (Supreme Court affirmed trial court's holding that a citizen's commission, which itself owned no property, did not have standing to challenge the Board of Zoning Appeal's decision to grant a variance permitting the hotel owner's sign); *Belle-Haven Citizens Association v. Schumann*, 201 Va. 36 (1959) (trial court dismissed homeowners' association's challenge to Zoning Administrator's decision to issue building permits. On appeal, decided on other grounds.).

Section 15.1-497 addresses review of decisions as to permits and variances by the Board of Zoning Appeals. Said Section does not provide for review of ordinances pursuant to rezoning applications and therefore is not relevant to the inquiry before the Court. Likewise, whether a party is "aggrieved" within the meaning of said provision is also of no consequence, except in the broadest of definitions.[1]

Several legal avenues permit access to courts regarding zoning controversies. Note, *Land Use Law in Virginia*, 9 U. Rich. L. Rev. 513, 539-540 (1975). In regard to ordinances pursuant to rezoning applications as distinct from permits and variances, a party may:

1. "[S]eek an injunction preventing the enforcement of the zoning ordinance as to his property." *Id.*, citing *City of Alexandria v. Texas Co.*, 172 Va. 209 (1939).

2. "[S]eek a declaratory judgment at law to have a particular ordinance declared unconstitutional." *Id.*, citing *Board of County Supervisors v. Carper*, 200 Va. 653 (1959). *See Cupp v. Board of Supervisors of Fairfax County*, 227 Va. 580 (1984).

3. "[S]ue on the equity side for a declaratory judgment and injunctive relief from the zoning ordinance." *Id.*, citing *Board of Supervisors v. Cities Service Oil Co.*, 213 Va. 359 (1972).

4. Additionally, "a citizen of the district may be entitled to bring suit seeking to enjoin a local governing body from granting a use permit, variance, or zoning amendment to a property owner. There must be an actual controversy, and the party must be an aggrieved party in the sense that he has some interest that is going to be affected by the decision of the local officials." *Id.*, citing *Wilhelm v. Morgan*, 208 Va. 398 (1976). See *The "Aggrieved Person" Requirement in Zoning*, 8 Wm. & Mary L. Rev. 294 (1967).

---

[1] Section 15.1-497 is based on the Standard State Zoning Enabling Act which sets forth a procedure for "aggrieved" persons to challenge administrative zoning decisions, not legislative decisions, on judicial review. Likewise, the holding by the Honorable T. J. Markow in Environmental Defense Fund v. Virginia State Water Control Board, 19 Va. Cir. 307 (1990), is not applicable to a challenge to a legislative decision by the Board of Supervisors outside of the VAPA.

The issue more precisely framed is whether an association, which does not own property, may have standing to challenge a zoning ordinance. Section 8.01-184 permits such a challenge should the petitioner possess "a justiciable interest in the subject matter of the litigation, either in his own right or in a representative capacity." *Cupp v. Board of Supervisors*, 227 Va. 580 (1984); citing *Henrico County v. F. & W. Inc.*, 222 Va. 218 (1981); see also *Lynchburg Traffic Bureau v. Norfolk & Western Railway*, 207 Va. 107 (1966). A party must allege "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Cupp v. Board of Supervisors*, 227 Va. 580 (1984), citing *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59 (1978).

The alleged environmental injury to the adjacent property owners confers standing to the association in its representative capacity.[2] The association has a sufficient adversarial interest in the matter so that the issues will be fully developed, the primary issue being whether the ordinance represents an arbitrary and capricious exercise of legislative power. *Id.*, 227 Va. 580 (1984).

## II. *Substantial Accord*

In regard to Count II, Plaintiff has failed to allege that the Board has authorized the construction or establishment of public facilities or the like which are not in substantial accord with the adopted comprehensive plan. Hence, plaintiff's action premised on § 15.1-456 does not state a claim for which relief may be sought.

## III. *Injunctive Relief*

Defendant accurately notes that plaintiff must allege irreparable harm and inadequacy of remedy. The pleadings

---

[2] Courts in several jurisdictions confer standing to associations despite nonownership of property. Anno., "Standing of Civic or Property Owners' Associations to Challenge Zoning Board Decision (As Aggrieved Party)," 8 A.L.R. 4th 1087 (1981).

as reasonably construed support an assertion of irreparable harm, that is, the factual assertions regarding adverse environmental impact. See paragraph # 9 of the Motion for Declaratory Judgment. Without an administrative remedy, such as that provided by Section 15.1-497, plaintiff does not have a remedy adequate to provide relief from said adverse environmental impact.

### IV. *Intervention*

In general, leave to intervene is granted if timely and requested by parties with a special interest adverse to the zoning decision. Anno. *Right to Intervene in Court Review of Zoning Proceeding*, 46 A.L.R. 2d 1059 (1980 Later Case Service). Granting leave is within the sound discretion of the Court. *Id.*

Brookbury Civic Association and Meadowbrook Estates Civic Association seek leave to intervene as parties plaintiff. Said parties are alleged to be "directly affected" and '"aggrieved" by the rezoning action. No specific adverse interests are asserted, and therefore, petitioners' request is denied.

### June 6, 1990

On May 16, 1990, petitioners' counsel presented evidence in support of its request for declaratory and injunctive relief. Respondents submitted evidence as to the reasonableness of the zoning ordinance referred to as Case No. 89SN0120. The issue is whether the action of the Board of Supervisors was arbitrary and capricious. Petitioners request that the Court declare the ordinance void as unreasonable and enjoin the County from proceeding with the issuance of the appropriate permits.

The County's adoption of a rezoning application, as a legislative act by the Board, is presumed valid and reasonable. *Virginia Beach v. Harrell*, 236 Va. 99 (1988). Petitioners must establish that the adoption of said ordinance was arbitrary and capricious. *Fairfax County v. Piles*, 224 Va. 629 (1983). More precisely:

If the presumptive reasonableness of zoning action is challenged by probative evidence

of unreasonableness, the challenge must be met by evidence of reasonableness. If such evidence of reasonableness is sufficient to make the issue fairly debatable, the legislative action must be sustained; if not, the presumption is defeated by the evidence of unreasonableness and the legislative act cannot be sustained.

*Fairfax County v. Jackson*, 221 Va. 328, 333 (1980), citing *Fairfax County v. Snell Corp.*, 214 Va. 655 (1974).

An issue is fairly debatable when, "measured by both quantitative and qualitative tests, the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions." *Id.*, 221 Va. 328 at 333 (1980), citing *Fairfax County v. Williams*, 216 Va. 49 (1975). Typically, an applicant challenges the Board's reversal to rezone and the ordinance under scrutiny is upheld, unless it is "clearly demonstrated that the existing zoning classification is no longer reasonable or appropriate." *Fairfax County v. Jackson*, 221 Va. at 334 (1980).

The subject ordinance rezoned property from the R-15 single family residential zoning classification to a classification permitting a mixture of multi-family residential, office, and commercial uses. Condition 9 permits approximately 60,000 square feet of office space; 71,600 square feet of retail space and 260 apartments. (See p. 10 of Staff Report).

Petitioners assert that the inappropriateness of the new classification is not fairly debatable and cite the potential adverse impact to surrounding residential areas and the Falling Creek Reservoir. Petitioners specifically note:

1. Projected traffic generation rate of 9,622 average daily trips distributed along Route 10. In 1988, Route 10 serviced 10,810 vehicles per day. (See page 10 of Staff Report).

2. Steep slopes and local flooding contributing to drainage and erosion difficulties.

Terrain gently to steeply sloping and, when cleared, has a moderate, to very severe, chance for erosion. Due to steep slopes and local

flooding, portions of the request property are poorly suited for development. In addition, potential exists for wetlands on portions of the property. (See page 8 of Staff Report).

3. Incompatibility with surrounding residential areas.

Defendants argue that the higher zoning use is reasonable and note the proximity of two interchanges; Routes 10 and 150, and the 22 conditions presumably designed to address the aforesaid concerns. The conditions prescribe restrictions on density and use, obligations to construct transportation improvements, erosion control measures, utility improvements, quality standards for building construction, restrictions on building layout and landscaping, engineering studies at the time of the development "to ensure no adverse impact on the water quality of the Falling Creek Reservoir," and engineering studies "to ensure adequacy of the road system adjacent to the Ridgeway property." (See defendants' Exhibit E; defendants' Post Trial Memorandum, pages 1 through 2). Defendants further assure the Court the final plat will guarantee reasonableness of the rezoning:

> In addition, the County's Environmental Engineering Department can impose additional safeguards if necessary at the time the developer submits schematic plans and site plans for County approval (Transcript p. 29). (Defendants' Post Trial Memorandum, pp. 9 through 10).

Defendants' assurances of additional safeguards amount to pure speculation. The Court cannot deny a valid request for relief upon the proffer that any problems for which defendants deem necessary to address will be resolved, thereby precluding any challenge to an adopted ordinance.

Petitioner erroneously argues that the issue before the Court is whether the rezoning "is void because it conflicts with the master plan that has been adopted for the central area." (See plaintiffs' Post Trial Memorandum). Such a standard of review would indicate that the evidence warrants a determination of illegal spot zoning

as set forth in *Wilhelm v. Morgan*, 208 Va. 398 (1967). See also *Barrick v. Board of Supervisors, Mathews County*, 239 Va. 628 (1990). "Spot zoning" is *per se* arbitrary and capricious. The Court in *Wilhelm v. Morgan*, 208 Va. 398 (1967), adopted the following test for determining whether a zoning ordinance constitutes illegal spot zoning:

> If the purpose of a zoning ordinance is solely to serve the private interests of one or more landowners, the ordinance represents an arbitrary and capricious exercise of legislative power, constituting illegal spot zoning; but if the legislative purpose is to further the welfare of the entire county or city as a part of an overall zoning plan, the ordinance does not constitute illegal spot zoning even though private interests are simultaneously benefited.

*Id.*, 208 Va. 398 at 403-404 (1967), citing *Kozesnik v. Township of Montgomery*, 24 N.J. 154 (1957).

No evidence suggests the requisite legislative purpose for spot zoning. However, any inconsistency is probative as to unreasonableness.

Upon consideration of the evidence presented and argument heard, petitioners' request is denied. The reasonableness of the new classification is fairly debatable.

Defendants presented evidence sufficient to establish that the reasonableness of the mixed use zoning classification is fairly debatable. J. Clark Plaxco, land use planner, testified as to the appropriateness of the large mixed use project, given the proximity of Routes 10 and 150 and the "buffering" created by said roads and the Falling Creek Reservoir. Michael E. Fiore and Richard McElfish, environmental engineers, attested to the appropriateness of erosion control measures. John McCracken, the County's Director of Transportation, confirmed the adequacy of conditions opposed in regard to additional traffic generation.