Present:  All the Justices

COMMONWEALTH OF VIRGINIA,
DEPARTMENT OF TAXATION

v.    Record No. 960575    OPINION BY JUSTICE ELIZABETH B. LACY
                                    January 10, 1997
NATIONAL PRIVATE TRUCK COUNCIL

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Donald H. Kent, Judge

In this declaratory judgment action, we determine whether a regulation issued by the Virginia Department of Taxation regarding corporate income taxation violates federal statutory law.

In 1959, Congress passed Public Law 86-272, codified as 15 U.S.C. § 381 (§ 381).  That statute provides, in pertinent part:

> (a) No State . . . shall have power to impose . . . a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person . . . are . . . :
>
>> (1) the solicitation of orders by such person . . . in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, <u>are filled by shipment or delivery from a point outside the State.</u>  [Emphasis added.]

The Virginia Department of Taxation (the Department) maintains that the solicitation of goods and the delivery of goods are two separate transactions and considers § 381 to provide immunity for solicitation only.  Based on this premise, the Department adopted a regulation extending the immunity from state income taxation afforded under § 381 only to those instances in which the shipment or delivery of goods is

accomplished by common carrier.  Va. Reg. § 630-401(G) (1985) (the Virginia Regulation).  Thus, under the Department's interpretation, any foreign company that solicits and approves orders for its merchandise under the conditions described in § 381, but delivers the merchandise to Virginia using its own vehicles, is subject to Virginia tax on the income derived from such sales.

The National Private Truck Council (the Council), a national trade association representing more than 1,000 companies that operate their own private truck fleets, filed a bill of complaint for declaratory judgment seeking a declaration that the Virginia Regulation violates § 381 because it limits immunity from state income taxation to those instances in which goods are delivered by common carrier. Cross motions for summary judgment were filed, and the trial court entered an order granting summary judgment to the Council.  We awarded the Department an appeal and will affirm the judgment of the trial court.[*]

---

[*] The Department initially filed a demurrer challenging the standing of the Council, see Carnes v. Board of Supervisors of Chesterfield County, 252 Va. 377, ___ S.E.2d ___ (1996), but withdrew the demurrer prior to a ruling by the trial court. Therefore, that issue has been waived.  Princess Anne Hills Civic League, Inc. v. Susan Constant Real Estate, 243 Va. 53, 59 n.1, 413 S.E.2d 599, 603 n.1 (1992); Lynchburg Traffic Bureau v. Norfolk and Western Railway Co., 207 Va. 107, 108, 147 S.E.2d 744, 745 (1966).  Similarly, the Department did not assert a claim that its sovereign immunity had not been waived for declaratory judgment actions, see Virginia Physical Therapy Ass'n v. Virginia Board of Medicine, 245 Va. 125, 427 S.E.2d 183 (1993), and, therefore, we do not address that issue.

Section 381, by plain and clear language, extends immunity to a particular income-generating transaction. This transaction consists of soliciting orders, approving the orders, and shipping or delivering the goods ordered. To limit the tax immunity granted by § 381 to the activity of solicitation only, as the Department suggests, renders the protection intended by that section meaningless. Potentially taxable income is not generated within the taxing state until there has been a successful "shipment or delivery" of goods. Exempting merely "solicitation" is no exemption at all.

Whether a particular activity constitutes solicitation, approval, or delivery may require construction of those terms. Wisconsin Dep't of Revenue v. William Wrigley, Jr., Co., 505 U.S. 214, 223-231 (1992) (whether certain actions constitute solicitation). A joint congressional committee studying the matter of state taxation of interstate commerce has stated that, although § 381 "makes it clear that delivery of goods into a State does not deprive the selling company of statutory immunity, there can be doubt about the meaning of delivery." H.R. Rep. No. 88-1480, at 146 (1964). Thus, while the meaning of the word "delivery" may be disputed in a particular factual situation, delivery is a protected activity under § 381 when undertaken in conjunction with the other elements of the immunized income-producing transaction.

In this case, the Department has conceded that the use of

company-owned trucks constitutes "delivery" of the goods as that term is used in § 381. The only issue is whether the Virginia Regulation, which defines the manner of delivery necessary to qualify for immunity from state taxation under § 381, violates federal law. Code § 58.1-205.

In enacting § 381, Congress did not identify any manner of delivery necessary to qualify for the immunity. Section 381 does not specify common carrier, contract or private carrier, or any other particular method of delivery. In the absence of a qualification in the federal statute, the Department may not add conditions to, or otherwise limit, the protection offered by § 381. See Comm'r of Revenue v. Kelly-Springfield Tire Co., 643 N.E.2d 458, 461 (Mass. 1994). Therefore, the Virginia Regulation violates the plain meaning of § 381 because it limits the conditions under which a company is entitled to immunity from state taxation.

Accordingly, we will affirm the judgment of the trial court.

Affirmed.