COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


BILLIE PAXTON EINSELEN
                                          MEMORANDUM OPINION[*] BY
v.          Record No. 1778-96-1          JUDGE RICHARD S. BRAY
                                            FEBRUARY 25, 1997
PETER C. EINSELEN


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                       Wilford Taylor, Jr., Judge

                Robert E. Long (Robert E. Long, Ltd., on
                brief), for appellant.

                John F. Rixey (Rixey and Rixey, on brief),
                for appellee.


     Billie Paxton Einselen (wife) complains on appeal that the

trial court erroneously declined to order Peter C. Einselen

(husband) to pay spousal support and her entire attorney's fee

related to these proceedings and to obtain two policies of

insurance on his life, all in accordance with a stipulation

agreement of the parties.  On cross-appeal, husband contends that

the trial court lacked jurisdiction to consider spousal support,

and erroneously awarded wife a portion of her attorney's fee and

costs.  We find no merit in husband's arguments but conclude that

the court should consider wife's petition for spousal support and

require husband to provide the disputed insurance coverage.  The

subject decree is, therefore, affirmed in part and reversed in

part, with the unresolved issues remanded to the trial court for

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

adjudication, including consideration of attorney's fees and costs attendant to such remand.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.  Spousal Support

A.  Jurisdiction

Husband contends that the trial court was without jurisdiction to consider spousal support because the issue was not addressed in the original divorce decree.  Although the decree makes no mention of spousal support, it "confirmed, ratified and approved" the parties' property settlement agreement, "incorporat[ing] [it] by reference into [the] final decree of divorce."  Thus, all provisions of the agreement became "for all purposes . . . a term of the decree [itself], . . . enforceable in the same manner as any provision of such decree."  Code § 20-109.1; see also Fry v. Schwarting, 4 Va. App. 173, 178-79, 355 S.E.2d 342, 345 (1987).  Paragraph 8 of the agreement provides that the parties "reserve the right to request a Court of competent jurisdiction to award an amount for support in the future as the needs and resources of the parties may justify to the extent that either Husband or Wife would be entitled to such support as a matter of law," clearly preserving the court's jurisdiction to adjudicate spousal support upon certain future circumstances.

Husband's contention that wife otherwise relinquished in the agreement "any and all rights of whatsoever kind and character growing out of the marriage relationship" is also without merit. The agreement is subject to the same principles of construction which govern all contracts. See, e.g., id. at 180, 355 S.E.2d at 346. Generally, "the provisions of a contract should be construed together and those which appear to conflict should be harmonized whenever it is reasonably possible." Chantilly Constr. Corp. v. Department of Highways & Transp., 6 Va. App. 282, 293, 369 S.E.2d 438, 444 (1988) (quoting Seward v. American Hardware Co., 161 Va. 610, 626, 171 S.E. 650, 659 (1933)). "[A]ny apparent inconsistency between a clause that is general and broadly inclusive in character, and a clause that is more specific in character, should be resolved in favor of the latter." Id. at 294, 369 S.E.2d at 445. The parties specified that the court retain jurisdiction over spousal support, and this express intention controls.

### B. Laches and Change in Circumstances

[L]aches or delay, in order to be effectual as a bar to the party [against whose claim the defense of laches is asserted], must be accompanied with circumstances and facts showing an intention on his part to abandon the [claim]. [The delay] must be unreasonable and injurious to the other party.

Murphy v. Holland, 237 Va. 212, 215, 377 S.E.2d 363, 365 (1989) (quoting Hamilton v. Newbold, 154 Va. 345, 351, 153 S.E. 681, 682 (1930)). Assuming, without deciding, that laches is a defense available to husband in these proceedings, it is an affirmative

shield which must be proven by him.  See Princess Anne Hills
Civic League v. Susan Constant Real Estate Trust, 243 Va. 53, 58,
413 S.E.2d 599, 602 (1992).

Husband asserts that "[a]t no time in the period of twelve
years and eight months between the Final Decree of this suit [and
the filing of wife's petition for support] did [she] ever make
any claim for spousal support."  However, wife obviously had no
viable claim to prosecute until the onset of her financial
reversals in 1990.  See Meredith v. Goodwyn, 219 Va. 1025, 1029,
254 S.E.2d 74, 76-77 (1979) (laches cannot bar the claim of one,
without negligence, ignorant of his or her rights); cf. Murphy,
237 Va. at 216, 377 S.E.2d at 365 (laches not applicable to
minor's claim until minor attains the age of majority).
Accordingly, the defense must be assessed in the context of those
circumstances which occurred between the commencement of wife's
misfortunes in 1990 and the filing of the instant petition for
support.

The commissioner made no explicit finding that wife intended
to abandon her right to future spousal support.  Rather, he
suggested that "[husband] was justified in believing [wife] had
abandoned her claim of her own choice."  However, the record
reflects no conduct which evinced such intent.  Following loss of
employment, wife attempted to continue support of herself,
working at several positions, while seeking other employment and
drawing upon her retirement accounts.  She pursued spousal

support from husband only in financial desperation.

Moreover, wife's conduct visited no prejudice on husband but, to the contrary, was to his financial advantage. Husband does not claim, and the record does not disclose, that time compromised relevant evidence or otherwise impaired his defense to wife's claim. See id. The record surely does not support husband's generalized claim of financial misdirection attributable to wife's delay. If husband was concerned that his economic future might prove incompatible with spousal support, he should have limited such contingent liability by appropriate provision in the agreement.

With respect to wife's entitlement under the agreement to seek judicial resolution of the spousal support issue, we, again, are guided by paragraph 8. While the provision initially requires "Husband [to] pay nothing to the Wife for her support and maintenance," each "reserve[d] the right to request a Court of competent jurisdiction to award . . . support in the future as the needs and resources of the parties may justify to the extent that either . . . would be entitled to such . . . as a matter of law." Thus, to invoke the court's jurisdiction, wife was required to establish a material change in her financial needs or husband's resources, or both. See, e.g., Moreno v. Moreno, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (Feb. 11, 1997).

In denying wife's petition, the court approved the commissioner's finding that wife's diminished income did not

constitute a material change in circumstances because she simply "returned . . . to the [original] circumstances she agreed to and voluntarily chose," a conclusion clearly unsupported by the evidence. Wife became fully employed in 1981, nearly coincidental with her execution of the agreement and before entry of the divorce decree. Her subsequent unemployment resulted in significant economic hardships, with attendant circumstances much different than those which prevailed in January, 1982. In contrast, husband's income increased from approximately $30,000 annually in 1981 and 1982 to $200,000 in 1991 and $375,000-$400,000 in 1994. Such evidence demonstrates a significant material change in the parties' circumstances as a matter of law.

II.  Insurance

A.  Standing

In order to have standing to sue, a plaintiff must show "'that he has a justiciable interest in the subject matter in litigation; either in his own right or in a representative capacity.'" Lynchburg Traffic Bureau v. Norfolk & W. Ry. Co., 207 Va. 107, 108, 147 S.E.2d 744, 745 (1966) (citation omitted). Here, contrary to the findings of both the commissioner and the court, wife had standing to judicially pursue husband's covenant to maintain the insurance coverage on his life, both for the benefit of the parties' children and herself.

B.  Laches

Again, assuming, without deciding, that laches is a defense

available to wife's right to seek enforcement of the insurance provisions of the agreement, husband's evidence does not establish the bar. Wife's cause of action did not accrue until husband breached the agreement by failing to maintain the policies, and nothing in the record suggests she knowingly delayed pursuit of her remedies, without excuse and to the prejudice of husband. Husband's reliance on extrinsic evidence to establish the purpose of the policies was inadmissible to upset the plain language of the agreement. Wife is entitled to enforcement of the agreement in accordance with its terms, and we remand for the trial court to order husband to replace the policies in compliance with the agreement. See, e.g., Smith v. Smith, 3 Va. App. 510, 513-14, 351 S.E.2d 593, 595-96 (1986).

III. Attorney's and Commissioner's Fees

Husband contends that the trial court erroneously required him to pay wife $3,000 in attorney's fees related to a real estate dispute resolved prior to the hearing and to satisfy the entire commissioner's fee. The commissioner found that, although "both parties attempted to bring about a settlement to [sic] the requirements of [the property settlement agreement,] . . . the resolution of the differences would not have occurred had not [wife] caused this petition to be filed and pursued." The agreement provided that if wife should prevail in "proceedings to enforce any of the terms of [the property settlement agreement]," husband would "pay the reasonable attorney's fees, court costs

and expenses incurred by the Wife."  Thus, the agreement clearly contemplated husband's payment of the disputed fees and costs. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  We find no abuse of discretion in this instance.  Governed by the same rationale, we also affirm the assessment of the commissioner's fee against husband.

Accordingly, we affirm the ruling of the trial court in part, reverse in part, and remand for further proceedings consistent with this opinion, including consideration of additional attorney's fees and costs incidental thereto.

Affirmed in part,
reversed in part,
and remanded.