## CIRCUIT COURT OF FAIRFAX COUNTY

Basheer/Edgemoore-Millwood, L.L.C.

v.

Morteza Sizdahkhani et al.

April 28, 2003

Case No. (Chancery) 179604

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on March 12, 2003. The case was taken under advisement to determine whether the Plaintiff has standing to bring this declaratory judgment action and whether Defendants' easement over a portion of the Millwood Pond Subdivision is extinguished. For the reasons set forth in this letter opinion, the Court finds that the Plaintiff has standing to bring this declaratory judgment action and the portion of Defendants' easement dedicated to Fairfax County and now part of Sugarland Road has been extinguished.

*Facts*

In 1961, the Defendants acquired an easement over the land know as Millwood Pond. This easement is part of a private road called Plato Lane, and it provides ingress and egress from Sugarland Road to Defendants' property. Plaintiff Basheer/Edgemoore-Millwood, L.L.C. (hereinafter Edgemoore) acquired the Millwood Pond land for development purposes. As part of its approval of Edgemoore's development plan, Fairfax County directed Edgemoore to expand Sugarland Road, a public road maintained by the Virginia Department of Transportation. To ensure that Edgemoore would, in fact, expand Sugarland Road, the County required Plaintiff to post a bond in the amount of $137,890.00.

After posting the bond, Edgemoore began the process of expanding Sugarland Road by first recording a deed of subdivision that conveyed a portion of the Millwood Pond property to Fairfax County for "public street purposes." Consequently, Fairfax County now owns the property Edgemoore conveyed to it for road expansion. Included in this conveyance was the end portion of the Defendants' easement, measuring approximately thirty feet by fifty feet, which abutted Sugarland Road. In the expansion, this small portion of Defendants' easement was paved and essentially became part of Sugarland Road.

Upon completion, the expanded area of Sugarland Road was to be accepted by VDOT into the public road system, provided that Defendants vacate the small portion of their easement that was dedicated to the County and is now part of Sugarland Road. Two Defendant property owners have vacated the paved portion of their easement. The remaining Defendants refuse to similarly vacate this dedicated area. Fairfax County will not release Plaintiff's $137,890.00 bond until the Defendant property owners vacate their easements.

Plaintiff Basheer/Edgemoore brought this declaratory judgment action seeking a declaration from the Court that the paved portion of the easement is extinguished because the purpose for that part of the easement no longer exists. Defendant property owners claim that Plaintiff lacks standing to bring a declaratory judgment action because the portion of the easement that Plaintiff seeks to have vacated can only be extinguished by Fairfax County, the property owner under the deed of subdivision.

*Analysis*

1. *Plaintiff Basheer/Edgemore Has Standing to Bring the Declaratory Judgment Action*

Va. Code § 8.01-184 confers upon circuit courts the power to make binding adjudications of right and to issue declaratory judgments in cases of actual controversy. *See Scottsdale Ins. Co. v. Glick*, 240 Va. 283, 289, 397 S.E.2d 105, 108 (1990). The controversy must be justiciable and involve specific adverse claims based on present facts that are ripe for adjudication. *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331, 302 S.E.2d 529, 531 (1983); *City of Fairfax v. Shanklin*, 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964). The relevant statutes are intended to be remedial and to be liberally interpreted. *See* Va. Code § 8.01-191; *Erie Ins. Group v. Hughes*, 240 Va. 165, 169, 393 S.E.2d 210, 211 (1990).

A Plaintiff has standing to institute a declaratory judgment proceeding if it has a "justiciable interest" in the subject matter of the proceeding, either in its own right or in a representative capacity. *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 383, 478 S.E.2d 295, 299 (1996); *Henrico County v. F. & W., Inc.*, 222 Va. 218, 223, 278 S.E.2d 859, 862 (1981); *Lynchburg Traffic Bureau v. Norfolk & Western Ry.*, 207 Va. 107, 108, 147 S.E.2d 744, 745 (1966). This requires that a plaintiff have a "sufficient interest in the subject matter of the case" or allege "a personal stake in the outcome of the controversy" so that the parties will be actual adversaries and the issues will be fully and faithfully developed. *Cupp v. Board of Supervisors*, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984).

In the instant case, an actual controversy exists between the parties as to whether the dedicated portion of the Defendants' easement has been extinguished. Plaintiff's personal stake in this matter is the release of its bond totaling $137,890.00. All the elements necessary for Plaintiff to bring a declaratory judgment are present. Plaintiff Basheer/Edgemoore has standing to bring this declaratory judgment action.

## 2. *The Dedicated Portion of the Defendants' Easement is Extinguished*

Easements are not ownership interests in the servient tract but "the privilege to use the land of another in a particular manner and for a particular purpose." *Russakoff v. Scruggs*, 241 Va. 135, 138, 400 S.E.2d 529, 531 (1991) (citing *Brown v. Haley*, 233 Va. 210, 216, 355 S.E.2d 563, 567-68 (1987)). When the purpose for which an easement was created comes to an end, the easement ceases to exist. *American Oil Co. v. Leeman*, 199 Va. 637, 652, 101 S.E.2d 540, 552 (1958); *McCreery v. Chesapeake Corp.*, 220 Va. 227, 233, 257 S.E.2d 828, 831 (1979); *Pyramid Development v. D & J Associates*, 262 Va. 750, 755, 553 S.E.2d 725, 728 (2001).

Defendants hold an easement over the Millwood Pond land for the sole purpose of accessing Sugarland Road from their properties. Sugarland Road, as expanded and paved, now covers a small portion of the end of the Defendants' easement. Defendants' access to Sugarland Road no longer depends on the dedicated portion of their easement that is now paved and part of the public road. See Stipulation of Facts, ¶ 12. Therefore, the purpose for which the easement was created, only in regard to this small, dedicated portion, no longer exists. The portion of the Defendants' easement dedicated to Fairfax County for expansion of Sugarland Road has been extinguished.