[Civ. No. 3778. First Appellate District, Division One.—May 6, 1921.]

EDWARD J. POWERS, Petitioner, v. THE MARINE ENGINEERS' BENEFICIAL ASSOCIATION No. 35, etc., et al., Respondents.

[1] NONPROFIT CORPORATIONS — ELECTION OF OFFICERS — BALLOTING THROUGH MAIL—BY-LAW—EFFECT OF CODE AMENDMENT.—Under the amendment of 1915 to section 599 of the Civil Code, nonprofit corporations may adopt by-laws permitting the election of officers by balloting through the mail.

[2] ID.—BY-LAW ADOPTED PRIOR TO CODE AMENDMENT—CUSTOM AND USAGE—INVALIDITY UNAFFECTED.—A by-law of a nonprofit corporation providing that balloting for the election of its officers should be conducted through the mail, adopted prior to the amendment of 1919 to section 599 of the Civil Code, is in conflict with section 321b of such code, which requires the election of officers to be held at a meeting of the members of the association and by ballots or votes cast by the members actually present or by proxy at such meeting, and where such by-law has not been formally adopted as such since the amendment to section 599, the fact that elections have been held by balloting through mail does not constitute an adoption of such by-law by custom and usage.

[3] ID.—COMPLIANCE WITH STATUTORY REQUIREMENTS.—Any rule or regulation adopted for the management of the business of a corporation, the control of its officers, or the right and duties of its members among themselves and between them and the corporation must conform at least substantially to the express provisions of the statutes.

[4] ID. — ADOPTION OF BY-LAWS. — A by-law cannot be created or adopted by custom or usage in view of the statutory requirements that it be in writing and adopted by a formal vote of two-thirds of the members of the corporation at a meeting called and assembled, or by the written assent of two-thirds of the members.

APPLICATION for a Writ of Mandate to compel the holding of an election of officers of a nonprofit corporation. Granted.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Petitioner.

Bell, Brookman, Simmons & Creech for Respondents.

KERRIGAN, J.—This is a petition for a writ of *mandamus* to compel the election of officers of the defendant in the manner required by section 321b of the Civil Code.

The defendant, Marine Engineers' Beneficial Association No. 35, is a nonprofit corporation organized and acting under the laws of California, and of which the defendants Carberry and Searey are alleged to be respectively president and secretary *de facto*. The petitioner is a member of the organization in good standing and has been such ever since he joined it in the year 1910. In 1912 the association amended and re-adopted its by-laws, and in article VIII thereof provided that balloting for the election of its officers should be conducted through the mail. This by-law was and is in conflict with the provisions of section 321b of the Civil Code, which requires the election of officers to be held at a meeting of the members of the association and by ballots or votes cast by the members actually present or by proxy at such meeting. In August, 1915, however, section 599 of the Civil Code was amended so as to permit nonprofit corporations to adopt by-laws similar to the one here in question. In part this section reads as follows: "Corporations now organized, or that may hereafter be organized for purposes other than profit, may, either in their by-laws, ordinances, constitutions or articles of incorporation, provide for. . . . The manner of voting by the members of the corporation, which may be by ballot in the manner provided for by section 321 of this code, or in any other manner provided for by the by-laws, ordinances, constitutions or articles of incorporation of any corporation now organized, or that may hereafter be organized, for purposes other than profit."

[1]   It is conceded that since this amendment, nonprofit
corporations such as the defendant, may adopt by-laws
permitting the election of officers by balloting through the
mail.   It is also conceded that no express by-law relating
to the election of officers has been adopted by the defend-
ant since the adoption of article VIII of its by-laws in the
year 1912, and that since that time and since the amend-
ment of section 599 of the Civil Code in 1915 the officers
of the defendant have been elected annually in the manner
required by said article VIII, to wit, by balloting through
the mail.   It also appears from the undisputed testimony
of the petitioner taken at the hearing upon this applica-
tion that he did not vote at the election of officers held in
December, 1920, nor in the preceding annual election;
indeed, he sought, under the provisions of sections 312 and
315 of the Civil Code, to have the election of the year 1919
annulled and set aside on the ground that it was void be-
cause in violation of the provisions of section 321b of the
Civil Code.   However, before that proceeding could be dis-
posed of on appeal, the time for holding the election of
1920 arrived; and the officers of the association refusing to
hold said election in accordance with the requirements of
section 321b, and, on the contrary, following the method per-
mitted by said article VIII of the by-laws of the associa-
tion, the petitioner brought the present proceeding for the
purpose already outlined.

[2]   The respondents contend that although said article
VIII has not been formally adopted as a by-law of the cor-
poration since the amendment to the statute permitting the
election of officers of nonprofit corporations by balloting
through the mail, it has in effect been adopted by custom
and usage.

We are unable to subscribe to this contention.   [3]   Any
rule or regulation adopted for the management of the
business of the corporation, the control of its officers, or the
rights and duties of its members among themselves and
between them and the association, must conform, at least
substantially, to the express provisions of the statute.   Sec-
tions 301, 303, and 304 of the Civil Code establish the law
in California as to the method of adopting by-laws.   Section
301 provides that when by-laws are adopted originally they
must be adopted by a majority of the stockholders or mem-

bers of the corporation at a meeting called for that purpose, or by the written consent of either two-thirds of the stock or two-thirds of the members without a meeting for that purpose. Section 304 provides that the by-laws may be amended or a new by-law adopted at the annual meeting of the corporation or at any other meeting properly called for that purpose by a vote or by the written assent of two-thirds of the subscribed and outstanding stock, or by two-thirds of the members. This section contains the further provision that the by-laws originally adopted and any amendment thereto or new by-law must be copied in a legible hand in some book kept in the office of the corporation, to be known as the "book of by-laws," and that the book must be open to the inspection of the public during office hours each day except holidays. Assuming, for the purpose of this case, that the practice of following the requirements of said article VIII after its adoption was authorized by the amendment to section 599 in the year 1915, and that such practice had continued for a sufficient length of time to constitute a custom or usage, still we have no doubt, in view of the plain and express provisions of the code regarding the adoption and amendment of by-laws, that it cannot be held that such custom or usage, consisting in repeated compliance with the provisions of a by-law admittedly invalid at its adoption, can take the place of compliance with the statutory requirements. In order to amend a by-law there must be a substantial compliance with the provisions of the law (1 Fletcher's Cyclopedia Corporations, sec. 487). To permit usage or custom to make a by-law would be in violation of the clear requirements of the statute; and, as a result, by-laws, instead of being express, formally adopted, in writing, and open to the public, would depend for proof of their existence upon the uncertainties and infirmities of oral testimony. If a by-law may be adopted by usage it would follow that a by-law could be repealed or amended by custom or usage, and we apprehend that hardly anyone would so contend.

The authorities support this position. "When either the general law or the charter of the corporation prescribes the mode in which by-laws may be adopted, the by-laws which the corporation seeks to make must be adopted in such mode in order to be valid." (1 Fletcher's Cyclopedia Corpora-

tions, sec. 487.) "By-laws are made by the stockholders in meeting assembled." (1 Cook on Corporations, p. 21; 2 Cook on Corporations, sec. 625.) "By-laws to be valid, whether made by the stockholders or directors, must be adopted at a meeting called and conducted in accordance · with law." (3 Clark & Marshall on Private Corporations, p. 1955.)

"It has been said that the existence of a by-law may be shown by proof of custom, or by acts of acquiescence of the members of the corporation, or by the uniform procedure of the corporation. But the import of the cases is not so much that the custom may take the place of a by-law, but that it may be resorted to as evidence of the adoption of a by-law." (1 Thompson on Corporations, sec. 991.)

"Custom itself does not take the place of a by-law, but is merely evidence that such a by-law has been adopted." (Boisot on By-laws, 2d ed., sec. 9.)

[4] There are a few cases which hold that a by-law may be proved by implication and by custom; but we have found no case, and our attention has not been called to any, which goes to the length of holding that a by-law may be created or adopted by usage where statutory law, as in this state, requires it to be in writing and adopted by a formal vote of two-thirds of the members at a meeting called and assembled, or by the written assent of two-thirds of the members.

The plaintiff did not vote at the meeting held in December, 1920, nor has he made any representations or done any act which would, as asserted by respondent, estop him from contesting the validity of the election here in controversy.

It follows from the foregoing that the petitioner is entitled to a peremptory writ of mandate requiring the respondents to hold an annual election, and to hold the same in the manner and method provided by section 321b of the Civil Code.

Let the writ issue.

Richards, J., and Waste, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 4, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1921.

All the Justices concurred, except Shurtleff, J., who did not vote.