## CIRCUIT COURT OF LOUDOUN COUNTY

Cumberland

v.

O. Riley Boone et al.

May 3, 1994

Case No. (Law) 15037

BY JUDGE WILLIAM SHORE ROBERTSON

On April 15, 1994, the Court heard oral argument on the defendants' various Pleas in Bar and took this matter under advisement upon that argument and the memoranda of counsel filed pursuant to the Court's order entered on February 15, 1994. After considering the argument of counsel, together with their memoranda, the Court will sustain the defendants' pleas and dismiss this cause. Because the Court's judgment here is dispositive, the sufficiency of the plaintiff's Notice of Claim is moot and will not be considered.

On November 4, 1993, plaintiff filed suit against Dr. O. Riley Boone and Dr. Thomas J. Gates, their medical practice (Loudoun Surgical Associates, Ltd.), Dr. John H. Cook, III, Dr. Russell McDow and the Loudoun Hospital Center for medical malpractice. Plaintiff's claim is based upon an allegedly negligent surgical procedure (laparoscopic cholecystectomy) performed on him by Dr. Boone and Dr. Gates on November 27, 1990. Dr. Cook was an internist who provided Mr. Cumberland with post-surgical care and Dr. McDow also provided post-surgical treatment. (The Motion for Judgment is ambiguous about Dr. McDow's purported culpability or negligence, and this issue has been raised by his attorney in her responsive pleadings.) Defendants have filed several Pleas in Bar asserting the statute of limitations as a bar to plaintiff's recovering.

Defendants argue that plaintiff's claim is barred by the statute of limitations. Effective July 1, 1993, the Virginia Legislature repealed § 8.01-581.9 of the Virginia Code which contained, *inter alia*, tolling provisions

regarding Notices of Claim and provisions for filing suit for either 120 days from the date of the claim or for 60 days following issuance of a Medical Malpractice Panel opinion, whichever time period is longer. Defendants assert that repeal of § 8.01-581.9 affects pending actions retroactively and thereby precludes plaintiff from availing himself of the statute's 60-day tolling period.

The two issues before the Court are whether or not plaintiff should be allowed to rely upon the medical malpractice statute in effect when his cause of action arose or as subsequently repealed by the Legislature, and whether the changes enacted are procedural or substantive, the latter category not affecting the statute of limitations.

Plaintiff has extensively briefed how the statute of limitations was tolled under § 8.01-581.9. The Court has no argument with plaintiff that he is in compliance with that statute.

Mr. Cumberland maintains that if any effect is to be given to the statute's repeal, then it should mean that the statute would remain tolled indefinitely. Yet, the case he has cited for this proposition, *Horn v. Abernathy*, 231 Va. 228, 234 (1986), explicitly rejects this notion.

Plaintiff's other contention is that § 8.01-581.9 is to be applied in all cases as of the time when the negligence occurred. *Dye v. Staley*, 226 Va. 15, 17 (1983), is cited wherein the Virginia Supreme Court held in a footnote that in enacting § 8.01-581.9 in 1982 by the Virginia Legislature, the new statutory language was inapplicable since the alleged negligence at issue had occurred prior to the amendment becoming law. As such, as § 8.01-581.9 was in effect at the time that Mr. Cumberland's cause of action arose, he concludes that the tolling provisions were still in effect when the statute itself was repealed.

This is a difficult issue for the Court, especially in view of the consequences for plaintiff and potential merits on judicial review. However, unlike *Dye v. Staley*, the Court is presented with a statute that has been repealed, not amended. *See* Acts of Assembly 1993, Chapter 928. Where the Legislature enacts a general law upon a given subject and repeals an existing general law of like character upon the same subject, courts will not readily conclude that it was the intention of the Legislature to deprive the parties who acquired just rights or interests under the old law of all remedy or to extinguish their rights or interests, unless such intention is manifest. Thus, acts done under a statute while in force remain valid, though the statute may afterwards be repealed. But the rule goes no farther than to render valid things actually done. Accordingly, inchoate rights

derived under a statute are lost by a repeal of the statute before they are perfected, unless they are saved by express words in the repealing statute. 17 Michie's Jurisprudence, *Statutes*, Section 103 (1979).

In repealing § 8.01-581.9, the Legislature was silent as to any reserved rights. However, in Virginia, substantive claims of rights are preserved from the effects of a repealing statute. *Blue Diamond Coal Co. v. Pannell*, 203 Va. 49, 54 (1961). *See* Section 1-16, Code of Virginia (1950), as amended. Thus, to resolve whether plaintiff's cause of action should be determined under § 8.01-581.9 or the effects of its repeal, it is necessary for the Court to establish whether the tolling provisions in question involve substantive or procedural rights.

Defendants cite § 8.01-1 of the Virginia Code (1992 Replacement Volume) for the following:

> all provisions of this Title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural aspects of the remedy) . . . .

Defendants aver that under § 8.01-1, amendments to Title 8.01 shall apply to the cause of action which arose prior to the effective date of any new statutory provisions. The only exception is when said new provisions would materially change the substantive rights of a party and not merely procedural aspects of his action.

Substantive rights are included within the part of the law which creates, defines, or regulates rights, in contrast to procedural law, which prescribes methods of enforcement of rights or obtaining redress. *Shiflet v. Eller*, 228 Va. 115, 120 (1984). Defendants cite *Morrison v. Bestler*, 239 Va. 166, 172 (1990), where it was held that the enforcement of the Virginia medical malpractice statutes involving the "extensions of statutory filing limitations" (i.e., tolling provisions) were a procedural requirement. Consequently, the abolition of the 60-day tolling period is purported to likewise be a procedural, not a substantive, change in the statute and can be applied retroactively to plaintiff's claim.

Defendants Boone and Gates state that the statute of limitations began to run against them on December 5, 1990. Plaintiff filed a Notice of Claim on December 2, 1992, leaving three days remaining before the statute of

limitations expired. The Medical Malpractice Review Panel issued its opinion on September 10, 1993. Plaintiff was relying on the 60-day post-opinion tolling provision because he filed his Motion for Judgment on the 59th day of that 60-day period. Defendants argue that this 60-day period ceased to exist as of July 1, 1993, and the time period in which plaintiff had to file his Motion for Judgment was within three days following the opinion, representing the three days he had remaining at the time he filed his Notice of Claim. Consequently, plaintiff's failure to file his Motion for Judgment on or before September 13, 1993, renders his cause of action time-barred. Defendant Cook applies the same reasoning, although he arrives at a last possible date of filing of October 17, 1993 (or August 9, 1993, at argument) based upon different dates for when the Notice of Claim was filed.

Defendants also argue that plaintiff cannot contend that a retroactive application of the abolishment of the 60-day tolling provision would be prejudicial and create an unduly harsh result, as this notion has already been considered and rejected by the Virginia Supreme Court. In *Duffy v. Hartsock*, 187 Va. 406, 416 (1948), the Court ruled that:

> the legislature, without violation of the guarantees of due process of law, may reduce the period in which actions may be brought and may make reduction applicable to existing causes of action subject, however, to the conditions that it may not entirely take away the right to sue, nor so unreasonably shorten the period as practically to take away all remedy.

Defendants maintain that at the case at bar, repeal of § 8.01-581.9 neither takes away the right to sue nor unreasonably shortens the period as practically to take away all of plaintiff's remedies.

All parties are charged with knowledge of the law. The legislature adjourned on March 12, 1993, thus giving plaintiff's counsel 110 days' notice of the change which would become effective on July 1, 1993. Consequently, plaintiff's failure to file his action within the time remaining on the statute of limitations cannot be premised on either an unreasonably short period of time within which to file or lack of notice of the change in the statute.

Plaintiff responds that defendants' position would offend the due process guarantees found in Article 1, Section 11, of the Virginia Constitution. Mr. Cumberland argues that, by giving notice of his claim, a substantive right vested under § 8.01-581.9 in regards to the statute's tolling provi-

sions. The case offered by plaintiff for this proposition does not address the arguments raised by defendants, and the Court finds that it is without merit.

Plaintiff states that Section 1-16 of the Virginia Code preserves his rights to the protection of the tolling statutes irrespective of any repeal once he had given notice of his claim pursuant to its provisions. Section 1-16 provides that:

> No new law shall be construed to repeal a former law . . . as to any one act . . . or any right accrued . . . under the former law, or . . . any right accrued . . . save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings . . . .

Plaintiff mistakes the law. Section 1-16 clearly refers to the enactment of new laws, not the explicit repeal of old laws.

Finally, plaintiff argues that defendants are barred as to their pleas under the doctrine of equitable estoppel. The Court does not agree. Defendants were merely following the proper legal procedure as it existed at the time when the medical review panel was established. There was no representation on their part. On page 13 of the transcript, counsel for the plaintiff argues that there was no notice concerning a change in the law that would abolish the legal underpinnings of an on-going proceeding. However, defendants cannot be held accountable for merely following the law in an action initiated by plaintiff. Plaintiff has relied to his detriment on what he believed the legal regime was and how it affected his case. If he has a quarrel, it is with the legislature for not providing a grandfather clause for existing actions when they amended the statute. All parties are charged with having knowledge of the law, and this should be especially true of attorneys.

The elements necessary to establish equitable estoppel, absent a showing of fraud and deception, are a representation, reliance, a change of position, and detriment. *T. v. T.*, 216 Va. 867, 873 (1976) (citation omitted). These elements do not exist here. Because the doctrine of estoppel prevents the showing of the truth, it is applied rarely and only from necessity. *Princess Anne Hills Civic League, Inc. v. Susan Constant Real Estate Trust*, 243 Va. 53, 59 (1992) (citations omitted).

With the repeal of Virginia Code § 8.01-581.9, plaintiff's Motion for Judgment is barred by the statute of limitations.