Deborah Woodleif ANDERSON, Plaintiff,

v.

Melvin H. COX

and

Laurel Trucking Inc., Defendants.

Civil Action No. 95–0090.

United States District Court,
W.D. Virginia,
Abingdon Division.

Aug. 26, 1997.

---

Norris Kantor, Phillip A. Scantebury, Bluefield, WV, for Plaintiff.

C. Adrian White, Bristol, VA, for Defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Pending is the defendants' motion for summary judgment in accordance with Fed. R.Civ.P. 56. We exercise jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332.

### I. Factual Background.

On August 28, 1992, the plaintiff, Deborah Woodleif Anderson, was injured in an automobile accident in Russell County, Virginia. The car she was driving collided with a Mack truck driven by Donald Carroll Price, a resident of Virginia. Anderson contends that the collision was caused by Price's negligence. According to the Virginia State Police accident report, Melvin Cox, a West Virginia resident, owned the vehicle that Price was driving. Anderson assumed that Price was employed by Cox and that he was operating the truck in the course of that employment.

Anderson retained an attorney who conducted settlement negotiations for more than one year with Cox's insurance carrier, United States Fidelity & Guaranty Company (USF & G). Anderson's claim was denied by USF & G on three occasions. At no time during these discussions was Anderson or her attorney informed that Cox was not Price's employer. On July 28, 1994, Anderson filed suit against Cox in the United States District Court for the Southern District of West Virginia at Bluefield. That court had diversity jurisdiction over the action since Anderson was a Virginia resident and Cox resided in West Virginia.[1] On August 19, 1994, Cox filed an answer in which he admitted ownership of the truck involved in the accident and

---

1. Pl.'s Compl. ¶ 1.1, CA. No. 1:94–0675 (S.D.W.Va. July 28, 1994). Anderson remained a Virginia resident until November or December 1994. (Deborah Anderson Dep. at 14).

that Price was his employee. The two-year statute of limitations for personal injury claims expired on August 28, 1994.

Shortly thereafter, Cox filed an amended answer without leave of the court on September 1, 1994. Contrary to the original answer, Cox reversed his earlier admission and denied the allegation that Price was his employee. While the truck was owned by Cox and titled in his name, it was one of several vehicles that Cox had leased to Laurel Trucking Inc. (Laurel), a Virginia corporation. At the time of the accident, Cox insured the vehicle through a commercial policy with USF & G. Laurel did not have separate liability coverage for the truck.[2] Price was operating the truck as an employee of Laurel. Cox's counsel claimed that she learned this information after the original answer was filed.[3]

Anderson objected to the amended answer. She claimed that Price's employer was known by Cox's counsel when she filed her initial answer or it should have been known if the attorney inquired into the facts of the case to the extent required by Fed.R.Civ.P. 11. Proceedings were held to determine whether to permit the amended answer. Before the district court issued a ruling, however, Anderson moved to dismiss her case without prejudice pursuant to Fed.R.Civ.P. 41(a)(2).

In addition to the federal suit in West Virginia, Anderson also instituted an action in the Circuit Court of Russell County, Virginia. Anderson filed a motion for judgment on August 8, 1994. The suit was subsequently served on August 4, 1995. Cox and Price were both named as defendants. That lawsuit is currently pending.

Anderson eventually moved to North Carolina and commenced suit in this court based on diversity of citizenship on May 5, 1995. Anderson named Cox and Laurel as defendants. She asserted that Price's alleged negligence should be imputed to both defendants. In response, the defendants filed a motion to dismiss Anderson's complaint on the grounds that her claim is barred by the statute of limitations.

In response, Anderson urges this court to exercise jurisdiction over the case. She argues that the defendants should be estopped from advancing their statute of limitations defense. Anderson contends that she was prejudiced by Cox's original answer in that she was mislead regarding Price's employer. She asserts that Cox should not be permitted to suddenly deny that he employed Price. Similarly, Anderson avers that Laurel was apprised of the status of the original suit from its inception. Therefore, Laurel should also be estopped from asserting a statute of limitations defense.

This court noted in a May 20, 1996 memorandum opinion that an equitable estoppel doctrine of the sort advanced by Anderson exists under Virginia law.[4] *See Stewart v. Lady,* 251 Va. 106, 465 S.E.2d 782, 785 (1996). The court did not, however, reach the issue of whether the doctrine was applicable to the present case. Rather, the court ordered limited discovery to determine the doctrine's relevance in the case at bar. As a result, we converted defendants' motion to dismiss to a summary judgment motion. Discovery has been conducted and the parties have briefed the issue and argued their positions at a recent hearing before the court. For the following reasons, this court now holds that equitable estoppel is not available.

II. *Law and Discussion.*

Because the doctrine of equitable estoppel prevents the showing of the truth, it

---

**2.** The lease agreement between Cox and Laurel imposed a duty on Laurel to obtain insurance on the leased truck. Nevertheless, Cox continued to insure the vehicle and Laurel did not obtain insurance until after the said accident.

**3.** Apparently, Cox's attorney relied heavily on a Loss Notice prepared by the Jim Lively Insurance Agency and submitted to USF & G on September 16, 1992. The Loss Notice correctly stated that Cox owned the truck and was its insured. In addition, the document erroneously listed Cox as the employer of Price.

**4.** The parties assumed Virginia substantive law governed this action. We agreed and have proceeded on that basis.

is applied rarely and only in extraordinary circumstances. *Princess Anne Hills Civic League, Inc. v. Susan Constant Real Estate Trust*, 243 Va. 53, 413 S.E.2d 599, 603 (1992) (citations omitted). In order to invoke equitable estoppel, the following six elements must be established:

(1) There must be a representation or concealment of material facts;

(2) The representation or concealment must have been with knowledge of the true state of facts;

(3) The party to whom it was made must have been ignorant of the truth of the matter;

(4) It must have been made with the intention that the other party should act on it;

(5) The representation or concealment must be proved to have been the inducement to the action of the other party; and

■ (6) The party claiming the estoppel must have been misled to her injury. *Westminster Investing Corp. v. Lamps Unlimited Inc.*, 237 Va. 543, 379 S.E.2d 316, 319 n. 2 (1989) (citing *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 221 Va. 81, 266 S.E.2d 887, 889 (1980)). These factors should be evaluated stringently by the court. *Lyng v. Payne*, 476 U.S. 926, 936, 106 S.Ct. 2333, 2340, 90 L.Ed.2d 921 (1986). Each element must be proven by the party seeking to invoke the doctrine by clear, precise, and unequivocal evidence. *Dominick v. Vassar*, 235 Va. 295, 367 S.E.2d 487, 489 (1988) (quotations omitted).

Cox and Laurel contend that none of the six elements are present in this case. They claim that Cox's attorney made an innocent mistake in the original answer and that Anderson has unilaterally made the statute of limitations an issue by dismissing her original federal suit. Defendants point out that the instant suit was filed approximately eight months after Anderson learned that Price was employed by Laurel. Defendants assert that Anderson is merely forum shopping.

In opposition, Anderson argues that equitable estoppel is appropriate for three reasons. First, it was reasonable for her to allege that Cox employed Price based on the accident report and settlement discussions with Cox's insurer. Second, Cox, Laurel, and Price all provided conflicting and misleading information prior to and after the filing of the first lawsuit. Third, Cox's West Virginia counsel failed to properly investigate who employed Price before filing the original answer. Anderson contends she proceeded based on these facts and was ultimately trapped because the statute of limitations expired before she learned the true state of affairs. Thus, she was unable to add or substitute Laurel as a defendant in her initial suit or file a new action.

■ To resolve the pending issue, the court need not undertake an exhaustive analysis of each element that constitutes equitable estoppel. Instead, we must only look to the fundamental purpose of estoppel to reach our conclusion that the doctrine is unavailable in this case. The concept of equitable estoppel is based on principles of fairness. *See Trayer v. Bristol Parking, Inc.*, 198 Va. 595, 95 S.E.2d 224, 231–32 (1956). It is a doctrine by which a party is prevented by his own acts from claiming a right to the detriment of the other party who was entitled to rely on such conduct and has acted accordingly. *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1317 (4th Cir.1996) (quotations omitted). Equitable estoppel is designed to protect a party who, in good faith, has relied to his detriment upon the representations or conduct of another. *Id.* (quoting *Guinness PLC v. Ward*, 955 F.2d 875, 899 (4th Cir. 1992)); *United States v. Fidelity & Cas. Co.*, 402 F.2d 893, 897 (4th Cir.1968). Consequently, an essential element of any estoppel claim is that the party asserting estoppel must have relied on the misrepresentation to its detriment and been actually prejudiced. *Lyng*, 476 U.S. at 935, 106 S.Ct. at 2339–40; *American Hardware Mut. Ins. Co. v. BIM, Inc.*, 885 F.2d 132, 138 (4th Cir.1989).

■ Virginia law recognizes equitable estoppel as a counter to a statute of limitations defense. *See, e.g., Barry v. Donnelly*, 781 F.2d 1040, 1042 (4th Cir.1986); *Bilicki v. Windsor–Mount Joy Mutual Ins. Co.*, 954 F.Supp. 129, 133 (E.D.Va.1996). In this case, however, Anderson is unable to establish actual detriment due to either of the defen-

dants' conduct. Therefore, the doctrine of equitable estoppel does not assist the plaintiff's position, and we must dismiss her complaint.

Anderson argues she has been adversely affected by Cox's original answer. Anderson contends that if this court opts not to exercise jurisdiction and dismiss defendants' statute of limitations defense, she will be unable to proceed in federal court as she desires. Anderson does not dispute that the insurance coverage is identical in state and federal court and Virginia substantive law governs in either forum. However, Anderson claims her interests would be best served in federal court.

This argument is unavailing. Anderson instituted her original suit in the United States District Court for the Southern District of West Virginia. Cox alone was named as a defendant. Anderson could not have sued Price or Laurel since they, like the plaintiff, were Virginia residents at the time who would have defeated the requirement of complete diversity.

Similarly, Anderson, as a Virginia resident, could not have filed suit in Virginia federal court against Virginia defendants. Only after Anderson moved to North Carolina was Laurel or Price subject to this courts jurisdiction. However, the statute of limitations had already expired.

The conduct or representations of the defendants played no role in this result. Plaintiff's inability to prosecute her case in federal court against Cox stems from her decision to voluntarily dismiss her previous federal suit. Moreover, even if Anderson was informed of Price's actual employer in the original answer, this court could not have exercised jurisdiction over Laurel as the plaintiff now desires. Therefore, the requisite prejudice is lacking.

Alternatively, Anderson stated during oral argument that Cox's change in position adversely affected her because unless this court exercises its jurisdiction, she would be unable to sue her "chosen defendants." Since Anderson has ongoing litigation against Price and Cox, her argument applies only to Laurel. Anderson notes that she could have named Laurel as a defendant in the Virginia state lawsuit prior to the expiration of the statute of limitations.

We are not persuaded. The Mack truck that collided with plaintiff is insured through a commercial insurance policy which applies whether or not Laurel is named as a defendant. *See* Felty Aff. ¶ 13; Denzua Aff. ¶ 6. Nevertheless, Anderson expressed a preference to litigate against a corporate defendant as opposed to an individual defendant. Curiously, she then proceeded to urge this court to assume jurisdiction over a suit against Melvin Cox, in his individual capacity.

 The court may determine on a motion for summary judgment whether the plaintiff has set forth clear, precise and unequivocal evidence to establish a particular element of her claim. *Nargi v. CaMac Corp.*, 820 F.Supp. 253, 258 (W.D.Va.1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986)). In this case, the plaintiff's actual prejudice is left to inference and conjecture. If Anderson's alleged injury is not being able to sue Laurel in state court, her proper recourse was/is to file the appropriate motions in that court.

This ruling is by no means intended to symbolize the court's approval of the conduct of the defendants or their attorney. However, the doctrine of equitable estoppel has specific and rigorous requirements, and the facts of this case do not present an occasion for the doctrine to be invoked. Plaintiff should litigate her claims in her pending state action.

### III. *Conclusion.*

For the aforementioned reasons, we hold, as a matter of law, the plaintiff has failed to clearly establish that her reliance on the defendants' conduct prejudiced her legal position. Therefore, this court concludes that the invocation of the doctrine of equitable estoppel is not appropriate. Since plaintiff's claim was filed after the governing statute of limitations had expired, the complaint must be dismissed. The court will issue an appropriate order.

For the reasons set forth in the Memorandum opinion entered this day, it is hereby **ORDERED** and **ADJUDGED** that the defendants' motion for summary judgment is **GRANTED.** This case shall be stricken from the active docket.