COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Annunziata and
        Bumgardner
Argued at Alexandria, Virginia


SARA L. HOLLINGSWORTH

v.   Record No. 1308-97-4

MALCOLM LEE HOLLINGSWORTH
                                    MEMORANDUM OPINION[*] BY
                                 JUDGE RUDOLPH BUMGARDNER, III
MALCOLM LEE HOLLINGSWORTH                MAY 19, 1998

v.   Record No. 1486-97-4

SARA L. HOLLINGSWORTH


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                   John W. Scott, Jr., Judge

        David L. Duff for Sara L. Hollingsworth.

        David W. Robinson (Murray M. Van Lear, II;
        Hirschler, Fleischer, Weinberg, Cox & Allen;
        Scott, Daltan & Van Lear, L.L.P., on briefs),
        for Malcolm Lee Hollingsworth.


     Sara Hollingsworth petitioned the trial court to enforce a

decree of divorce entered in Texas.  The trial court ruled that

she was entitled to half the military retirement benefits

received by her husband, Malcolm Lee Hollingsworth.  She appeals

this judgment.  The court further decreed that Mr. Hollingsworth

owed her for her portion of the retirement benefits for the

period July 1989 to March 1990.  From this decision, the husband

appeals.  The two appeals were consolidated.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The parties were divorced by a Texas decree dated July 17, 1981. The decree approved and incorporated by reference a separation agreement executed May 29, 1981. That agreement provided that the wife would receive "[h]er proportional share of Husband's Military Retirement Benefits, to be one-half (1/2) of seventeen (17) years over the number of years of active duty for retirement purposes." The parties have agreed that her proportionate share is 29.92% of the husband's military retirement benefits.

When Mr. Hollingsworth retired June 30, 1989, he immediately went to work as a civilian employee of the federal government. Because of his civil employment, the husband's monthly military retirement pay was reduced pursuant to the Dual Compensation Act of 1964. 5 U.S.C. § 5531. From the time she began receiving benefits in March 1990 until the present, Mrs. Hollingsworth has received 29.92% of the reduced amount. She did not question the computation of her entitlement until November 1995. When the wife was not able to get the amount increased voluntarily, she filed this petition. She asked the trial court to grant her a percentage of the husband's benefits before they were reduced as a result of his civilian employment. The trial court denied her request. The wife then filed a motion to reconsider and requested judgment for the amounts not received in 1989 and 1990.

Mr. Hollingsworth argues that the term, "Military Retirement Benefits," is not ambiguous. We agree that it is not and that parol evidence is not needed to decide its meaning as intended by

the parties at the time of executing the contract.  We disagree that the term should be construed to mean the reduced amount paid to wife by the military pay authorities.

"Military Retirement Benefits," as used in the separation agreement, should be given its plain meaning.  See Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983).  It is the retirement benefit to which a member of the armed services is entitled because of his service in the Armed Forces.  It is the amount before it is reduced by laws that may operate on the full benefit because of a voluntary act of the retired beneficiary.  The benefit would be the amount to which he is entitled absent any voluntary act causing a reduction in the amount dispensed to him.

While the military cannot be ordered to make payments contrary to their rules and regulations, the husband is contractually obligated to pay the larger amount, and he can be ordered to pay the difference between what was paid directly to the spouse and what was due.  The decision is accordingly reversed and remanded for the trial court to grant relief consistent with this holding.

The husband appeals the trial court's award to Mrs. Hollingsworth of her share of the retirement benefits for the nine-month period from July 1989 until March 1990.  The husband argues her claim is barred by laches.  He further objects that the trial court erroneously awarded interest on the amount he was ordered to pay his wife for the nine-month period.

The doctrine of laches requires that there not only be delay in asserting rights but also that the delay be detrimental to the party asserting that bar. See Princess Anne Hills Civic League, Inc. v. Susan Constant Real Estate Trust, 243 Va. 53, 58, 413 S.E.2d 599, 602 (1992). The husband has not asserted any detriment he suffered as a result of his wife's delay, arguing only that he planned his financial affairs under the assumption that he was fulfilling his obligation under the contract. That is not the type of detriment contemplated by the defense.

Finding that laches does not bar the claim, we affirm this part of the judgment. Further, having ruled that the entitlement should be applied to the benefits before reducing it, we find no error in the calculation of the trial court. Finally, we hold that the award of interest on a judgment is an exercise of discretion, which was not abused in this case. See Code § 8.01-382; Marks v. Sanzo, 231 Va. 350, 356, 345 S.E.2d 263, 267 (1986). Accordingly, we affirm the court in that judgment.

                                        Affirmed in part,
                                        reversed and
                                        remanded in part.