UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WANDA W. KING,

*Plaintiff-Appellant,*

v.

DONNKENNY, INCORPORATED, a
Delaware Corporation,

*Defendant-Appellee.*

⎫
⎪
⎪
⎬ No. 02-1325
⎪
⎪
⎭

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CA-98-58-1)

Argued: February 28, 2003

Decided: May 6, 2003

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Mary Lynn Tate, THE TATE LAW FIRM, Abingdon,
Virginia, for Appellant. William Beverly Poff, WOODS, ROGERS &
HAZLEGROVE, P.L.C., Roanoke, Virginia, for Appellee. **ON
BRIEF:** Frank K. Friedman, R. Lucas Hobbs, WOODS, ROGERS &
HAZLEGROVE, P.L.C., Roanoke, Virginia; Harvey B. Cohen, John
C. Pasierb, COHEN GETTINGS, P.C., Arlington, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Wanda King appeals the district court's grant of summary judgment to her former employer, Donnkenny, Inc. ("Donnkenny"), on her claims for wrongful termination, intentional infliction of emotional distress, and negligent infliction of emotional distress. For the reasons set forth below, we reverse and remand.

I.

King alleged that she was terminated from her employment as Donnkenny's accounting manager in retaliation for her refusal to participate in a securities fraud scheme perpetrated by several senior Donnkenny employees. Donnkenny moved to dismiss King's complaint for failure to state a claim, based on a release King signed at the end of her employment. The release stated in part that, in exchange for a severance package, King would maintain the confidentiality of Donnkenny's financial information and forgo all claims related to her employment.

King's original complaint, filed in April 1998, claimed she executed the release under duress. The court found this claim defective, but granted her permission to file an amended pleading, wherein she alleged wrongful termination, intentional infliction of emotional distress, and negligent infliction of emotional distress. Her amended complaint survived a motion to dismiss, whereupon the parties engaged in discovery, and Donnkenny filed a motion for summary judgment. Donnkenny's motion was referred to a magistrate judge, who recommended dismissal of all claims on the grounds that King had consciously entered into the release for significant consideration and failed to invalidate the release by presenting legally adequate proof of duress. The magistrate judge also found that King's wrongful termination claim did not fit within the exception to Virginia's

employment-at-will doctrine and that King had not stated viable claims for intentional or negligent infliction of emotional distress. The magistrate judge therefore recommended granting Donnkenny's motion.

In response to King's objections to the report and recommendation, the district court took additional briefing and argument and then granted summary judgment to Donnkenny. Rather than basing its decision on the magistrate judge's recommendations, the court held that King had ratified the release by "accepting the severance package and benefits and never attempting to return them." J.A. 770. According to the court, this was "dispositive of all claims involved in this suit." *Id.* King appealed.

## II.

We review the district court's award of summary judgment *de novo*, *see M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp.*, 981 F.2d 160, 163 (4th Cir. 1992), taking the facts and inferences in the light most favorable to the plaintiff, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The district court ruled that King had ratified the release by accepting the severance package and benefits from Donnkenny and never attempting to return them. King challenges this holding, arguing that the release she signed was void because it had the purpose of furthering Donnkenny's criminal conspiracy and so could not be ratified by her subsequent acts. Donnkenny contends that the release was a standard one, perfectly valid and not sought out for an illegal purpose.

Under Virginia law, it is well settled that a contract based on illegal consideration is void and unenforceable. *See Kennedy v. Annandale Boys Club, Inc.*, 272 S.E.2d 38, 39 (Va. 1980) (per curiam) ("A void contract is a complete nullity, one that has no legal force or binding effect."); *Colbert v. Ashland Construction Co.*, 11 S.E.2d 612, 616 (Va. 1940) (stating that "[w]hen the law prohibits a thing, it is unlawful to do it, and the courts should not lend their aid to the enforcement of prohibited contracts").

King presents evidence that the motivation for the release in this case was Donnkenny's desire to continue its securities fraud scheme and that Donnkenny needed to remove King from her position because she did not want to participate. Viewed in the light most favorable to King, the evidence also could prove that Donnkenny needed to prevent her from revealing the scheme to anyone else. Thus, the release could reasonably be construed as furthering a fraudulent scheme. Since the purpose for the release was the furtherance of illegal activity, she argues, it was a nullity. If this were to be proven to be a purpose of the release, then the release would indeed be void.

For its part, the district court did not address King's voidness argument, but rather determined she had ratified the release and thus disposed of all her claims on this basis. Although a voidable contract can be ratified, *see*, *e.g.*, *Princess Anne Hills Civic League, Inc. v. Susan Constant Real Estate Trust*, 413 S.E.2d 599, 604 (Va. 1992), a void contract cannot, *see Kennedy*, 272 S.E.2d at 39 (noting that a void contract "cannot in any manner have life breathed into it"). The district court therefore erred in deciding the ratification issue without first addressing the question of whether the release was void. Since we have determined that an issue of fact exists as to whether the release was void, the entry of summary judgment was in error. We therefore reverse the district court and remand for further consideration of King's claims in accordance with this opinion.

*REVERSED AND REMANDED*